## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HELAYNE SEIDMAN
    Plaintiff

v.                                              Docket No.1:18-cv-2048
                                               Magistrate Judge Barbara Moses

GAX PRODUCTIONS, LLC
    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## **DEFENDANT'S MOTION TO COMPEL**

    Gax Productions LLC ("Gax Productions"), respectfully moves this Court for the entry of an Order directing Plaintiff to respond to interrogatories and to produce the documents described in its Affirmation.

    Gax Productions hereby requests that the Court enter an Order directing Plaintiff to fully respond to interrogatories and to produce the documents requested by Defendant, and to provide Defendant with such other and further relief to which Defendant may be justly entitled.

                                                   Respectfully submitted

                                                  *Laurence Singer*

                                                  Laurence Singer

                                                  Attorney for Defendant
                                                  1629 K Street NW, Suite 300
                                                  Washington D.C. 20006
                                                  646 327-8772

## CERTIFICATE OF SERVICE

      I hereby certify that a true and complete copy of Defendant's Motion to Compel was delivered electronically this 24th day of August 2018 upon Plaintiff's attorney

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11581

*Laurence Singer*
_____
Laurence Singer, Esq.

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HELAYNE SEIDMAN
    Plaintiff

v.                                                                        Docket No.1:18-cv-2048
                                                              Magistrate Judge Barbara Moses

GAX PRODUCTIONS, LLC
    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Laurence Singer, Esq., duly admitted to practice law before this Court Pro Hac Vice, affirms the following to be true under the penalties of perjury:

I am a Co-Counsel for the Defendant Gax Productions LLC, and as such I am fully familiar with the facts and circumstances of this action, based upon conversations with my client, information and belief, and the files maintained by my office.

I make this affirmation in support of Defendant's motion for an Order of this Court to compel the defendant to make adequate responses to Plaintiff's discovery requests.

**I.    BACKGROUND**

1. Helayne Seidman, a photographer, filed this action for alleged copyright infringement against Gax Productions LLC, the owner and operator of www.thisisthebronx.info, an online news source for Bronx news and events.

2. Gax Productions contends that use of the photograph constitutes fair use.

3. On July 3, 2018, Defendant served its First Set of Interrogatories, asking four questions, and its First Request for Production of Documents with five substantive document requests.

4. Plaintiff responded to the discovery requests on August 2, 2018, with the response to interrogatories signed by Plaintiff's counsel.

5. On August 9, 2018 Defendant sent its First Deficiency Letter (Exhibit 1). The Letter started with: "This is a letter regarding the deficiencies in your responses to discovery requests. The most evident deficiency is that you provide no answers to interrogatories and not one document."

## II. THE DEFICIENCY LETTER

6. INTERROGATORY NUMBER 1

State the full name and contact information of the person or persons who are responding to these interrogatories.

Answer: Plaintiff identifies herself, Helayne Seidman, contact via counsel and her counsel.

This seems not to answer the question, other than identifying yourself as witness since you are a person responding to the interrogatories. If this is the case, perhaps you should disqualify yourself as Plaintiff's counsel.

7. INTERROGATORY NUMBER 2

Name any person connected with the Plaintiff who accessed the Defendant's website page on which the Plaintiff's photograph that is the subject of this lawsuit appeared and indicate the date for each time this page was accessed.

Answer: This interrogatory exceeds the scope of Rule 33. Plaintiff's counsel assessed the Defendant's website on at least one occasion in anticipation of filing the lawsuit. No further response is required.

A further response is required, particularity with regard to exceeding the scope of Rule 33, when Rule 33 (b)(1) states: The interrogatories must be answered: (A) by the party to whom they are directed. On what basis does this question exceed the scope of Rule 33. You don't know how many occasions you accessed the website? Did anyone else in your law firm access the website, or did your client?

8. INTERROGATORY NUMBER 3

Identify the date on which the Plaintiff's photograph that is the subject of this lawsuit was taken.

Answer: The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33. Plaintiff refers the Defendant to the publicly viewable copyright registration record. No further response is required.

On what basis do you decide that an interrogatory is not an optimal vehicle? How could this question that only asks for a date the photograph was taken exceed the permissible scope of Rule 33? This is an easy question, and information that should

be easily within your grasp, and instead you create an issue by incorrectly referring to a public record.

9. INTERROGATORY NUMBER 4

Identify each use of Plaintiff's photograph that is the subject of this lawsuit, and include the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

Answer: The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33. Plaintiff refers the Defendant to the responsive documents to Document Request No. 4.

Does Plaintiff have any suggestions for the optimal vehicle? How can this question, that requests important information that goes to the question of damages, exceed the permissible scope of Rule 33?

Defendant refers the Plaintiff to the discussion of Document Request No. 4.

10. DOCUMENT REQUEST 1

All documents related to the relationship between the Plaintiff and the *New York Post* at the time the photograph that is the subject of this lawsuit was taken.

Response: This request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

What does "Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph" mean? This request calls for "All" documents, not only non-privileged documents. Privileged documents are to be identified as required by the instructions for production, and it is not your decision as to what documents are to be produced or not produced. Privilege cannot be used as an objection to production.

11. DOCUMENT REQUEST 2

All documents between the Plaintiff and the *New York Post* related to the photograph that is the subject of this lawsuit.

Response: This request is vague, ambiguous, overly broad, redundant and unduly burdensome. Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

Same comments as above.

12. DOCUMENT REQUEST 3

All documents that evidence an impact on the potential market for, or value of, Plaintiff's photograph and financial harm to the Plaintiff related to Defendant's use of the photograph.

Response: This request is overly broad and unduly burdensome. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

Same comments as above.

13. DOCUMENT REQUEST 4

All documents related to the licensing and/or use of the photograph that is the subject of this lawsuit, including the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

Response: This request is redundant, overly broad and unduly burdensome. The request also involves duties of confidentiality owed to 3rd parties. Subject to and without waiving the objections stated herein, Plaintiff will make a commercially reasonable effort to secure documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objection.

This question is not redundant, overly broad and unduly burdensome. It is the request for documents that would support Plaintiff's response to Interrogatory No. 4. Are there hundreds of documents related to this question? What is the nature of the confidentiality and why hasn't the Plaintiff requested a Protective Order for these confidential and "privileged" documents? Responses to discovery are not conditioned on "commercially reasonable efforts".

14. DOCUMENT REQUEST 5

All documents to third parties that reference the photograph that is the subject of this lawsuit.

Response: This request is redundant, overly broad and unduly burdensome. The request also involves duties of confidentiality owed to 3rd parties. Subject to and without waiving the objections stated herein, Plaintiff will make a commercially reasonable effort to secure documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objection.

Same comment as above to Document Request 4.

15. The parties held a meet and confer on August 20, 2018. Defendant requested an extension of time to respond to the discovery requests until August 31, 2018. Although the Defendant appeared to be intransient, it was agreed that the responses would be provided on August 23rd, which later was extended to August 24, 2018.

### III.   PLAINTIFF'S AMENDED RESPONSE TO INTERROGATORIES (Exhibit 2)

16. The Plaintiff identifies herself as the "person" who is responding to these interrogatories, in response to Interrogatory Number 1.

17. The responses to the other interrogatories remain the same.

18. The Response to Interrogatories is signed by Plaintiff's counsel, and not the Plaintiff herself.

### IV.   PLAINTIFF'S AMENDED RESPONSES TO DOCUMENT REQUESTS (Exhibit 3)

19. The amended response to Requests 1-4 is "Plaintiff will produce non-privileged documents responsive to this request.

20. The response to Request 5 is that "This request is redundant, other than the NYPost there are no other documents to third parties. Plaintiff will provide documents related to the NYPost."

21. As part of the amended response, two documents were provided. The first one is an article from an unknown source, dated 8/22/18 entitled "How the Jamaican patty king made it to the top - before ending it all." The second document is a Freelance Photographer Independent Contractor Agreement between Plaintiff and the NYPost. This apparent standard agreement is dated December 23, 2010, with no indication if it still is in effect. No other documents that reference the photograph that is the subject of this lawsuit exist between the Plaintiff and the NYPost?

22. The documents are not Bates numbered.

### V.   MOTION TO COMPEL

23. Parties are entitled to unrestricted access to all sources of potentially relevant information. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," without regard to whether the material sought will be admissible at trial, "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." "'[R]elevant to the subject matter involved in the pending action' – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

24.     Here, each Interrogatory and Request for Production bear upon the subject matter of the action, especially since the Defendant has indicated its dependence upon an award of statutory damages. The fee from the NY Post is one of the primary criteria for determining the amount of statutory damages, as statutory damages are not intended to provide a windfall for the copyright owner. Statutory damages are meant to effect just compensation that bears a reasonable relationship to actual damages that may be difficult or impossible to prove.

25.     Plaintiff's failure to cooperate in discovery impacts the scheduling order designating September 18, 2018 date for completion of discovery.

## VI.    CONCLUSION

Gax Productions respectfully requests the Court to compel Plaintiff to fully respond to Gax Productions' First Set of Interrogatories and Request for Production of Documents and for such other relief as this Court deems just and proper.

August 24, 2018                                         Respectfully submitted

                                                        *Laurence Singer*
                                                        _____
                                                        Laurence Singer
                                                        Attorney for Defendant
                                                        1629 K Street NW, Suite 300
                                                        Washington D.C. 20006
                                                        646 327-8772

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HELAYNE SEIDMAN
    Plaintiff

v.                                    Docket No.1:18-cv-2048
                                     Magistrate Judge Barbara Moses

GAX PRODUCTIONS, LLC
    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PROPOSED ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the following reasons, this Motion is GRANTED.

The discovery at issue was propounded on July 3, 2018. The responses were submitted on August 2, 2018, and the Defendant sent its First Deficiency Letter on August 9, 2018. Although the parties engaged in a meet and confer, the amended responses submitted August 23rd and August 24th, 2018 failed to correct the deficiencies and represent the Plaintiff's refusal to cooperate in discovery;

Accordingly, Defendant's Motion to Compel Plaintiff's Discovery Responses is GRANTED. Plaintiff is ORDERED to serve complete responses to Defendant no later than September __, 2018.

    IT IS SO ORDERED.

                                                                          _____
                                                                          BARBARA MOSES
                                                                          United States Magistrate Judge
                                                                          Dated: September __, 2018.