# EXHIBIT 1

**Laurence Singer**
Attorney-At-Law
1629 K Street NW, Suite 300
Washington D.C. 20006
Voice: 646 327 8772; Fax: 646-435-0622
ls@laurencesinger.com

August 9, 2018

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11581

Dear Richard:

This is a letter regarding the deficiencies in your responses to discovery requests.

The most evident deficiency is that you provide no answers to interrogatories and not one document.

INTERROGATORY NUMBER 1

>   State the full name and contact information of the person or persons who are responding to these interrogatories.
>
>   Answer: Plaintiff identifies herself, Helayne Seidman, contact via counsel and her counsel.
>
>   This seems not to answer the question, other than identifying yourself as witness since you are a person responding to the interrogatories. If this is the case, perhaps you should disqualify yourself as Plaintiff's counsel.

INTERROGATORY NUMBER 2

>   Name any person connected with the Plaintiff who accessed the Defendant's website page on which the Plaintiff's photograph that is the subject of this lawsuit appeared and indicate the date for each time this page was accessed.
>
>   Answer: This interrogatory exceeds the scope of Rule 33. Plaintiff's counsel assessed the Defendant's website on at least one occasion in anticipation of filing the lawsuit. No further response is required.
>
>   A further response is required, particularity with regard to exceeding the scope of Rule 33, when Rule 33 (b)(1) states: The interrogatories must be answered: (A) by the party to whom they are directed. On what basis does this question exceed the scope of Rule 33. You don't know how many occasions you accessed the website? Did anyone else in your law firm access the website, or did your client?

Richard Liebowitz, Esq.
August 9, 2018
Page 2

INTERROGATORY NUMBER 3

> Identify the date on which the Plaintiff's photograph that is the subject of this lawsuit was taken.

> Answer: The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33. Plaintiff refers the Defendant to the publicly viewable copyright registration record. No further response is required.

> On what basis do you decide that an interrogatory is not an optimal vehicle? How could this question that only asks for a date the photograph was taken exceed the permissible scope of Rule 33? This is an easy question, and information that should be easily within your grasp, and instead you create an issue by incorrectly referring to a public record.

INTERROGATORY NUMBER 4

> Identify each use of Plaintiff's photograph that is the subject of this lawsuit, and include the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

> Answer: The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33. Plaintiff refers the Defendant to the responsive documents to Document Request No. 4.

> Does Plaintiff have any suggestions for the optimal vehicle? How can this question, that requests important information that goes to the question of damages, exceed the permissible scope of Rule 33?

> Defendant refers the Plaintiff to the discussion of Document Request No. 4.

Document Request 1:

> All documents related to the relationship between the Plaintiff and the *New York Post* at the time the photograph that is the subject of this lawsuit was taken.

> Response: This request is vague, ambiguous, overly broad and unduly burdensome. Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

Richard Liebowitz, Esq.
August 9, 2018
Page 3

What does "Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph" mean? This request calls for "All" documents, not only non-privileged documents. Privileged documents are to be identified as required by the instructions for production, and it is not your decision as to what documents are to be produced or not produced. Privilege cannot be used as an objection to production.

Document Request 2:

All documents between the Plaintiff and the *New York Post* related to the photograph that is the subject of this lawsuit.

Response: This request is vague, ambiguous, overly broad, redundant and unduly burdensome. Plaintiff responds to the request to the extent it deals with authorized distribution of the Photograph. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

Same comments as above.

Document Request 3:

All documents that evidence an impact on the potential market for, or value of, Plaintiff's photograph and financial harm to the Plaintiff related to Defendant's use of the photograph.

Response: This request is overly broad and unduly burdensome. Subject to and without waiving the objections stated herein, Plaintiff will produce non-privileged documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objections.

Same comments as above.

Document Request 4:

All documents related to the licensing and/or use of the photograph that is the subject of this lawsuit, including the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

Response: This request is redundant, overly broad and unduly burdensome. The request also involves duties of confidentiality owed to 3rd parties. Subject to and without waiving the objections stated herein, Plaintiff will make a commercially reasonable effort to secure documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objection.

Richard Liebowitz, Esq.
August 9, 2018
Page 3

>This question is not redundant, overly broad and unduly burdensome. It is the request for documents that would support Plaintiff's response to Interrogatory No. 4. Are there hundreds of documents related to this question? What is the nature of the confidentiality and why hasn't the Plaintiff requested a Protective Order for these confidential and "privileged" documents? Responses to discovery are not conditioned on "commercially reasonable efforts".

Document Request 5:

>All documents to third parties that reference the photograph that is the subject of this lawsuit.

>Response: This request is redundant, overly broad and unduly burdensome. The request also involves duties of confidentiality owed to 3rd parties. Subject to and without waiving the objections stated herein, Plaintiff will make a commercially reasonable effort to secure documents responsive to this request. Plaintiff is not withholding any documents pursuant to any objection.

>Same comment as above to Document Request 4.

In summary, if the deficiencies are not corrected within ten (10) days of the date of this letter, the Defendant will file a Motion to Compel and seek whatever other relief the Court may grant.

Sincerely,

*Laurence Singer*
Laurence Singer

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HELAYNE SEIDMAN,

                Plaintiff,

    - against -                   1:18 Civ. 2048 RA-BCM

GAX PRODUCTIONS, LLC,           **PLAINTIFF'S AMENDED**
                                               **ANSWERS AND OBJECTIONS**
                                               **TO DEFENDANT'S FIRST SET**
                                               **OF INTERROGATORIES**

                Defendant.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), the Plaintiff Helayne Seidman ("Seidman") hereby, under the threat of perjury, answers and objects to Defendant's First Set of Interrogatories dated July 3, 2018 as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitle to any response more specific than provided:

1. Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding.  To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects.  Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third-party's possession, custody or control, or is publically available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine.  Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought.  Plaintiff reserves the right to supplement the information.

**SPECIFIC ANSWERS AND OBJECTIONS**

INTERROGATORY NUMBER 1

State the full name and contact information of the person or persons who are responding to these interrogatories.

ANSWER: OBJECTION.  The Plaintiff repeats and incorporates General Objections.  Plaintiff identifies herself, Helayne Seidman as the person who is responding to these interrogatories.

INTERROGATORY NUMBER 2

Name any person connected with the Plaintiff who accessed the Defendant's website page on which the Plaintiff's photograph that is the subject of this lawsuit appeared and indicate the date for each time this page was accessed.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. This interrogatory exceeds the scope of Rule 33.3.   Plaintiff's counsel assessed the Defendant's website on at least one occasion in anticipation of filing the lawsuit.

INTERROGATORY NUMBER 3

Identify the date on which the Plaintiff's photograph that is the subject of this lawsuit was taken.

ANSWER: The Plaintiff repeats and incorporates General Objections.   The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33.3.

INTERROGATORY NUMBER 4

Identify each use of Plaintiff's photograph that is the subject of this lawsuit, and include the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

*Laurence Singer*

ANSWER: The Plaintiff repeats and incorporates General Objections.   The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33.3. Plaintiff refers the Defendant to the responsive documents to Document Request No. 4.

| | |
|---|---|
| DATED: August 23, 2018<br>        Valley Stream, NY | Respectfully Submitted,<br><br>/s/Richard Liebowitz<br>Richard P. Liebowitz<br>Liebowitz Law Firm, PLLC<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, NY 11580<br>(516)233-1660<br>rl@liebowitzlawfirm.com<br><br>*Attorneys for Helayne Seidman* |

EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HELAYNE SEIDMAN,

                      Plaintiff,

- against -

GAX PRODUCTIONS, LLC,

                      Defendant.

1:18 Civ. 2048 RA-BCM

**PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiff Helayne Seidman ("Seidman") hereby responds and objects to Defendant Gax Productions, LLC, First Set of Document Requests, dated July 3, 2018, pursuant to Federal Rules of Civil Procedure Rules 26 and 34, as well as Local Civil Rules of the United States District Court for the Southern District of New York.

GENERAL OBJECTIONS

Seidman makes the following General Objections to Defendants' Requests. These General Objections and Specific Objects do not have the effect of waiving each other.

1. Seidman objects to Requests that are redundant and have already been provided.

2. Seidman objects to vague, overbroad, irrelevant requests that are not tailored to the issues and subject matter of this litigation.

3. Seidman objects to Requests for documents she has no possession, control or access of.

4. Seidman objects to Requests for documents where she owes a duty of confidentiality to a non-party, including contracts, agreements, licenses and payments thereupon.

1

5. Seidman objects requests for speculative production, including estimates for loss of opportunity and catchall requests intended to circumvent tailoring its requests.

6. Seidman objects that she does not waive any objections even if she choses to provide responses to the Defendant's requests. All responses are subject to General and Specific objections stated herein.

7. Seidman objects to Requests for documents to the extent they are abusive, excessive and interposed with the intent to harass the Plaintiff.

## SPECIFIC OBJECTIONS AND RESPONSES

1. All documents related to the relationship between the Plaintiff and the *New York Post* at the time the photograph that is the subject of this lawsuit was taken.

RESPONSE: OBJECTION. Plaintiff will produce non-privileged documents responsive to this request.

2. All documents between the Plaintiff and the *New York Post* related to the photograph that is the subject of this lawsuit.

RESPONSE: OBJECTION. This request is redundant. Plaintiff will produce non-privileged documents responsive to this request.

3. All documents that evidence an impact on the potential market for, or value of, Plaintiff's photograph and financial harm to the Plaintiff related to Defendant's use of the photograph.

RESPONSE: OBJECTION. Plaintiff will produce non-privileged documents responsive to this request.

2

4. All documents related to the licensing and/or use of the photograph that is the subject of this lawsuit, including the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

RESPONSE: OBJECTION. This request is redundant. Plaintiff will produce non-privileged documents responsive to this request.

5. All documents to third parties that reference the photograph that is the subject of this lawsuit.

RESPONSE: OBJECTION. This request is redundant, other than the NYPost there are no other documents to third parties. Plaintiff will produce documents related to the NYPost.

6. All documents related to expert witnesses with whom Plaintiff or Plaintiff's attorney has consulted, including, those persons you expect to call as an expert witness at trial.

RESPONSE: OBJECTION. Plaintiff does not have any responsive documents at this time.

7. All documents upon which any expert witness Plaintiff intends to call at trial relied to form an opinion.

RESPONSE: OBJECTION. Plaintiff does not have any responsive documents at this time.

DATED: August 22, 2018               Respectfully Submitted,

Valley Stream, NY

*Laurence Singer* (signature, repeated)

/s/Richard Liebowitz
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516)233-1660
rl@liebowitzlawfirm.com

3

*Attorneys for Helayne Seidman*

4