**LAURENCE SINGER**
ATTORNEY-AT-LAW
1629 K Street, Suite 300
Washington, D.C. 20006
Voice: 646 327-8772   Fax: 212 994-8093
ls@laurencesinger.com

August 25, 2018

The Honorable Barbara Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Seidman v. Gax Productions LLC – Docket No.1:18-cv-2048

Dear Judge Moses:

This letter is to request an informal conference to resolve discovery disputes.

Helayne Seidman, a photographer, filed this action for alleged copyright infringement against Gax Productions LLC for use of one of her photographs on www.thisisthebronx.info, an online news source for Bronx news and events. Gax Productions, the owner of the website, contends that use of the photograph constitutes fair use.

On July 3, 2018, Defendant served its First Set of Interrogatories, asking four questions (one of which was the date the photograph was taken), and its First Request for Production of Documents with five substantive document requests. Plaintiff responded to the discovery requests on August 2, 2018, with the response to interrogatories signed by Plaintiff's counsel.

On August 9, 2018 Defendant sent its First Deficiency Letter. The Letter started with: "This is a letter regarding the deficiencies in your responses to discovery requests. The most evident deficiency is that you provide no answers to interrogatories and not one document."

The parties held a meet-and-confer on August 20, 2018. Defendant requested an extension of time to respond to the discovery requests until August 31, 2018. Although the Defendant appeared to be intransient, it was agreed that amended responses would be provided on August 23rd, which later was extended to August 24, 2018.

With regard to the Interrogatories, in Plaintiff's Amended Response, the Plaintiff identifies herself as the "person" who is responding to these interrogatories in response to Interrogatory Number 1; otherwise the responses to the other three interrogatories remain

August 25, 2018 letter to The Honorable Barbara Moses        Page 1 of 2

the same, unanswered. The Response to Interrogatories is signed by Plaintiff's counsel, and not the Plaintiff herself.

With regard to the Request to Production of Documents, in the Amended Response, the Plaintiff responded to Requests 1-4: "Plaintiff will produce non-privileged documents responsive to this request." No documents have been provided, and Defendant has pointed out that both non-privileged and privileged documents are required to be produced. Although the issue of privileged and confidential documents had been addressed before, the Plaintiff has yet to provide a draft of a Protective Order.

The response to Request 5 was that "This request is redundant, other than the NYPost [in which the photograph first appeared] there are no other documents to third parties. Plaintiff will provide documents related to the NYPost." As part of the Amended Response, two documents were provided. The first one is an article from an unknown source, dated 8/22/18 entitled "How the Jamaican patty king made it to the top - before ending it all." The second document is a Freelance Photographer Independent Contractor Agreement between Plaintiff and the NYPost. This apparent standard agreement is dated December 23, 2010, with no indication if it still is in effect. The documents are not Bates numbered.

Each Interrogatory and Request for Production bear upon the subject matter of the action, especially since the Defendant has indicated its dependence upon an award of statutory damages. Many of the requests refer to the fee from the NY Post, and other questions related to the commercial value of the photograph. This one of the primary criteria for determining the amount of statutory damages, as statutory damages are not intended to provide a windfall for the copyright owner. Statutory damages are meant to effect just compensation that bears a reasonable relationship to actual damages that may be difficult or impossible to prove.

Thank you for your consideration of this matter.

Sincerely,

*Laurence Singer*

Laurence Singer

cc: Richard Liebowitz. Esq.