USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

    Plaintiff,

-against-

GAX PRODUCTIONS, LLC,

    Defendant.

18-CV-2048 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed defendant's motion to compel responses to its interrogatories and discovery requests, dated August 24, 2018 (Dkt. No. 16); plaintiff's responding letter dated August 24, 2018 (Dkt. No. 17), requesting a stay of the deadline to respond to defendant's motion or an order striking defendant's motion for failure to comply with my Individual Practices; and defendant's letter-motion dated August 25, 2018 (Dkt. No. 19), requesting a Local Civil Rule 37.2 conference regarding its motion to compel.

The Court reminds the plaintiff that under Fed. R. Civ. P. 33(b), interrogatory responses must be signed, under oath, by the party "who makes the answers." Where the party is an individual, the signature of her counsel will not suffice. *See, e.g., Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (quoting *Roth v. Bank of Commonwealth*, 1988 WL 43963, at *2 (W.D.N.Y. May 4, 1988)) ("Unsigned and unverified answers are not answers . . . and answers which are signed by the party's attorney and not made under oath by the party do not comply with Rule 33."); *see also Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 825482, at *2, n.2 (S.D.N.Y. Mar. 2, 2017) (Moses, M.J.) (corporate defendant failed to comply with Fed. R. Civ. P. 33 where the officer who answered the interrogatories on its behalf did not personally sign them).

With regard to objections to document requests, plaintiff is reminded that, pursuant to Fed. R. Civ. P. 34(b)(2)(B), objections must be stated "with specificity." The "with specificity" language, added by the 2015 amendments to the Federal Rules, means that "[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request (e.g., objecting to produce privileged material)." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Moreover, "responses . . . stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing." *Id*. Plaintiff is further reminded that, pursuant to Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

With these principles in mind, plaintiff may respond to defendant's August 25 letter-application on or before **September 4, 2018**. If, by then, plaintiff has served amended responses in compliance with the Federal Rules of Civil Procedure, the parties shall jointly so advise the Court. The Court will hold the motion to compel in abeyance until plaintiff has served any amended discovery responses or filed her response to defendant's August 25 letter.

Dated: New York, New York
August 2̄8̄ 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**