**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HELAYNE SEIDMAN,

                Plaintiff,

- against -

GAX PRODUCTIONS, LLC,

                Defendant.

1:18 Civ. 2048 RA-BCM

**PLAINTIFF'S AMENDED ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), the Plaintiff Helayne Seidman ("Seidman") hereby, under the threat of perjury, answers and objects to Defendant's First Set of Interrogatories dated July 3, 2018 as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitle to any response more specific than provided:

1. Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third-party's possession, custody or control, or is publically available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

**SPECIFIC ANSWERS AND OBJECTIONS**

INTERROGATORY NUMBER 1

State the full name and contact information of the person or persons who are responding to these interrogatories.

ANSWER: OBJECTION.  The Plaintiff repeats and incorporates General Objections.  Plaintiff identifies herself, Helayne Seidman as the person who is responding to these interrogatories.

INTERROGATORY NUMBER 2

Name any person connected with the Plaintiff who accessed the Defendant's website page on which the Plaintiff's photograph that is the subject of this lawsuit appeared and indicate the date for each time this page was accessed.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. This interrogatory exceeds the scope of Rule 33.3.   Plaintiff's counsel assessed the Defendant's website on at least one occasion in anticipation of filing the lawsuit.

INTERROGATORY NUMBER 3

Identify the date on which the Plaintiff's photograph that is the subject of this lawsuit was taken.

ANSWER: The Plaintiff repeats and incorporates General Objections.   The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33.3.

INTERROGATORY NUMBER 4

Identify each use of Plaintiff's photograph that is the subject of this lawsuit, and include the nature of each use, the media platform on which the photograph appeared, and the amount of money the Plaintiff received for each use.

*Laurence Singer*

ANSWER: The Plaintiff repeats and incorporates General Objections. The interrogatory is not an optimal vehicle to elicit such information and exceeds the permissible scope of Rule 33.3. Plaintiff refers the Defendant to the responsive documents to Document Request No. 4.

| | |
|---|---|
| DATED: August 23, 2018<br>Valley Stream, NY | Respectfully Submitted,<br><br>/s/Richard Liebowitz<br>Richard P. Liebowitz<br>Liebowitz Law Firm, PLLC<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, NY 11580<br>(516)233-1660<br>rl@liebowitzlawfirm.com<br><br>*Attorneys for Helayne Seidman* |