```
USDC SDNY
DOCUMENT
ELECTRONICALLY FI[LED]
DOC #:
DATE FILED: 9/17/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

        Plaintiff,

-against-

GAX PRODUCTIONS, LLC,

        Defendant.

18-CV-2048 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated September 6, 2018 (Dkt. No. 23), the Court directed plaintiff Helayne Seidman to do the following things no later than Thursday, September 13, 2018:

- "[P]roduce all remaining non-privileged documents responsive to [Document] Requests No. 1-5" (Sept. 6 Order ¶ 2);

- Serve "a privilege log in compliance with Local Civil Rule 26.2" if any discoverable documents were withheld from the September 13 production on the basis of privilege (*id.*); and

- "[A]nswer Interrogatories No. 2-4 in full," with the answers to be personally signed by plaintiff. (Sep. 6 Order ¶¶ 4, 5.)

The Court did *not* direct plaintiff to re-serve or amend her written responses and objections to defendant's document requests. To the contrary: the Court **overruled** all of plaintiff's objections to Requests No. 1-5 save for those based on privilege (Sept. 6 Order, ¶ 1), and required any privilege objections to be evidenced by a separately served log. *Id.* ¶ 2. The Court further ruled that plaintiff need not respond to Reqests No. 6-7 "at this time." *Id.* ¶ 3. Thus, plaintiff's only active obligation with regard to the document requests was to produce ***all*** non-privileged documents responsive to Requests No. 1-5 by September 13, 2018, accompanied by a privilege log if applicable. Moreover, that obligation flowed directly from the September 6 Order and did not depend on what plaintiff said, or failed to say, in her written responses and objections.

Notwithstanding the Court's clear direction, plaintiff has, over the past several days, served a document entitled Second Amended Responses and Objections to Defendant's First Set of Document Requests, dated September 12, 2018 (Dkt. No. 25-2), followed by a document entitled Third Amended Responses and Objections to Defendant's First Set of Document Requests, dated September 16, 2018 (Dkt. No. 27-1), both of which assert all of the same objections (general and specific) that the Court just overruled. Moreover, although the Third Amended Responses state that plaintiff "has produced" or "does not have" documents responsive to Requests No. 1-5, it does not clearly state that she has in fact produced *all* such documents, as required by this Court in the absence of a privilege log.

Because of the ambiguity of plaintiff's amended responses, the parties have engaged in yet another round of acrimonious letter-applications, in which (1) defendant complained about the form of plaintiff's amended responses (Dkt. No. 25); (2) plaintiff sought sanctions, complaining that defendant was "trying to harass Plaintiff and his [sic] counsel and has been unreasonably and vexatiously multiplying these proceedings" (Dkt. No. 26); and (3) defendant complained that it has now been "required to write numerous letters to the Plaintiff and to the Court" to obtain the discovery to which it is entitled. (Dkt. No. 27.) Defendant also advises the Court that counsel plan to speak again this afternoon. (*Id.*)

IT IS HEREBY ORDERED that all requests for relief contained in Dkt. Nos. 25, 26, and 27 are DENIED.

With regard to defendants' document requests, the Court repeats, for the parties' benefit, that ***all of plaintiff's objections to Requests No. 1-5 were overruled***, save for those based on privilege. ***Plaintiff was required to produce all non-privileged documents responsive to those requests by September 13, 2018, accompanied by a privilege log if any documents were***

*withheld on that basis*. Since plaintiff did not produce a privilege log, any privilege objections have now been waived. (Sept. 6 Order, ¶ 2.)

IT IS FURTHER ORDERED that the Court will not entertain any additional applications regarding the form of plaintiff's written responses and objections to defendant's document requests. If defendant believes that plaintiff is in violation of the September 6 Order – for example, by failing to produce all non-privileged documents responsive to Requests No. 1-5 or by withholding documents on the basis of privilege without serving a privilege log – it may seek redress pursuant to Fed. R. Civ. P. 37(b), including sanctions pursuant to Rule 37(b)(2)(A). Any such motion must be made in compliance with Local Civil Rule 37.2 and this Court's Individual Practices.

Dated: New York, New York
September 17, 2018

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge