

October 4, 2018

**VIA ECF**

Honorable Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Seidman v. Gax Productions, LLC,* 1:18-cv-02048 (RA-BCM)

Dear Judge Moses:

We represent plaintiff Helayne Seidman in the above-referenced case and write in opposition to Defendant's request for attorneys' fees in the amount of $1687.50. For the following reasons, the amount of fees awarded should not exceed $375.00.

**Background**

On August 24, 2018, Defendant filed a procedurally deficient motion to compel plaintiff's production of documents and answers to interrogatories. [Dkt. #16] The next day, to correct the deficiency, it filed a two-page letter motion. [Dkt. #18]

On September 6, 2018, the Court issued an Order [Dkt. #23] pursuant to Fed. R. Civ. P. 37(a)(5)(A) requiring plaintiff to pay defense counsel's attorneys' fees in connection with the August 25 motion to compel. Specifically, the Court held that "plaintiff's counsel must pay defendant's reasonable expenses, including attorneys' fees, incurred in making its August 25 letter-application. Defendant may submit one or more declarations or affidavits, substantiating those expenses, on or before September 20, 2018. The sanction will be limited to the preparation of the August 25 letter-application and subsequent events related to the same dispute, including the email communications among counsel and defendant's September 5 reply letter-brief." [Dkt. #23, pp. 3-4]

**Legal Standard**

The "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea* v. *Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542 (2010))). The party seeking fees bears the





burden of showing that its requested fees are reasonable, *see Blum* v. *Stenson*, 465 U.S. 886, 897 (1984), and must provide the Court with sufficient information to assess the fee application, *N.Y. State Ass'n for Retarded Children, Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). In calculating the lode star rate, courts consider the following factors:

> [i] the time and labor required; [ii] the novelty and difficulty of the questions; [iii] the level of skill required to perform the legal service properly; [iv] the preclusion of employment by the attorney due to acceptance of the case; [v] the attorney's customary hourly rate; [vi] whether the fee is fixed or contingent; [vii] the time limitations imposed by the client or the circumstances; [viii] the amount involved in the case and the results obtained; [ix] the experience, reputation, and ability of the attorneys; [x] the "undesirability" of the case; [xi] the nature and length of the professional relationship with the client; and [xii] awards in similar cases.

*Bravia Capital Partners, Inc.* v. *Fike*, 296 F.R.D. 136, 143 (S.D.N.Y. 2013) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

**<u>Defense Counsel's Hourly Rate Should be Reduced to $300/hr.</u>**

Under the lodestar method, the Court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, a court has discretion to reduce the requested rate. *See Savino* v. *Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

Here, Defendant's counsel has failed to provide the Court with any information that would justify a $450/hr. rate. For example, defense counsel has failed to provide a CV/resume or otherwise detail his experience in litigating copyright-related matters. Moreover, the rate of $450/hr. is excessive in this District even for an experienced copyright practitioner.

Accordingly, defense counsel's rate should be reduced to no more than $300/hr. *See, e.g., Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13 CIV. 5467 VSB JLC, 2014 WL 1396543, at *5 (S.D.N.Y. Apr. 11, 2014), *report and recommendation adopted*, No. 13-CV-5467 VSB JLC, 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014) ("Because no detail as to [counsel]'s specialization or experience in copyright litigation is provided, nor any authority justifying such a rate, despite his 16 years of experience, the Court finds that a rate of $300 an hour is more appropriate."); *Dweck v. Amadi,* No. 10 Civ. 2577 (RMB)(HBP), 2011 WL 3809907, at *4 (S.D.N.Y. July 26, 2011) (approving $250 rate for intellectual property attorney where no background information provided), Report and Recommendation, *adopted by* 2012 WL 3024185 (S.D.N.Y. July 24, 2012); *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, 2013 WL 6481354, at *7 (S.D.N.Y. Dec. 3, 2013) ($350 for attorney with 16 years' experience litigating intellectual property law cases); *see also Klimbach v. Spherion Corp.,* 467 F.Supp.2d 323, 331–32 (W.D.N.Y.2006) ($250 hourly rate for partners, $180 hourly rate for associates, and $100 hourly rates for paralegals).



**The Time Billed is Excessive and Redundant**

Once a court has determined the appropriate hourly rate, it must examine the reasonability of hours billed, and "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "In so doing, 'the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as'" any submissions or arguments from the parties. *Ryan* v. *Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 635 (S.D.N.Y. 2012) (quoting *Bliven* v. *Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)). "Additionally, to determine whether time was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case." *Wise* v. *Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008).

Here, defense counsel claims that he expended three hours and 55 minutes on discovery-related motion practice from August 24, 2018 through September 6, 2018. [Dkt. # 30]. This time is excessive and redundant for several reasons.

First, defense counsel claims he spent 1.5 hours to draft a motion to compel on August 24, 2018. [Dkt. #16] But that motion was procedurally invalid because it did not comply with the Court's Individual Practices. So to correct this deficiency, defense counsel then re-filed a substantively identical two-page letter motion on August 25, 2018. [Dkt. #18] Defense counsel claims he billed 2.5 hours for these two filings, but they are clearly duplicative and redundant filings. His time should therefore be reduced to 30 minutes for the two-page letter motion filed on August 25.

Second, the time billed for reviewing e-mails on August 28-30 is vague and excessive and should be reduced to no more than 15 minutes.

Third, the two-page letter drafted on September 5 should also be reduced to 15 minutes [Dkt. #22].

Fourth, defense counsel's review of the Court's orders on August 28 and September should not exceed an aggregate of 15 total minutes.

In sum, the total reasonable time billed should not be more than 75 minutes (or 1.25 hours). At the rate of $300/hr. this would be **$375 maximum.**

Respectfully Submitted,

/richardpliebowitz/
Richard P. Liebowitz

*Counsel for Plaintiff Helayne Seidman*

3